No. 3784.—MARY J. WALTERS, Executrix, *v.* ANDREW CRUIKSHANK.

An agent is only bound personally when he contracts without the authority or sanction of his principal. But if, as in this case, the principal subsequently ratifies the contract made by his agent, then, and in such case, the agent is not personally bound.

APPEAL from the Ninth District Court, parish of Grant. *Orsborn, J. R. J. Bowman*, for plaintiff and appellant. *R. A. Hunter* and *G. L. Hull*, for defendant and appellee.

WYLY, J. The motion to dismiss this appeal because the record contains a document not offered in evidence is frivolous and can not prevail.

The plaintiff appeals from a judgment rejecting her demand based on the draft of the defendant for $799, which was duly protested for non-payment, and proper notice thereof given to the defendant.

The defense is that the plaintiff is not the owner of the draft, that it was given to the deceased Wm. Walters, merely for collection ; that the drawer owed the defendant for rebaling some cotton, and in order to collect the debt the defendant gave Walters the draft, the latter undertaking to make the collection for him. It is also urged in defense that if the defendant is indebted to the plaintiff, the consideration of the debt was Confederate notes.

The defendant also claims in reconvention $1000, the amount due by Cooper for rebaling the cotton, on the ground that he was employed by Walters as Cooper's agent, and as Cooper has not paid him, Walters is liable. It is not shown that Walters was unauthorized to make the contract as agent for rebaling Cooper's cotton in possession of the defendant. It is shown that Cooper ratified the contract before it was carried into execution and subsequently paid part of the debt.

It is well settled that the agent only becomes bound where he contracts without authority from his principal. Where he does not bind his principal he binds himself. Otherwise he might with impunity defraud those dealing with him in his fiduciary capacity. The contract of Walters for rebaling Cooper's cotton was ratified by Cooper, consequently no obligation against Walters arose therefrom. There is nothing, therefore, in the reconventional demand. The statement that the defendant merely gave the draft to Walters for collection is highly improbable; it is not in the usual course of dealing, and from the evidence we are satisfied it is not true.

The only evidence offered to support it is the deposition of the defendant himself, which is contradicted by the witness Bringhurst. He can not escape the obligation of his contract on such meagre evidence. As to the Confederate money defense, we will remark it is not supported by the evidence in the record.

Let the judgment appealed from be annulled, and let there be judgment for the plaintiff for seven hundred and ninety-nine dollars, with five per cent. per annum interest thereon, from twenty-second of March, 1867, and costs of both courts.

Rehearing refused.